FILED
JUL 16 2025
Clerk, U.S. District Court
Texas Eastern

IN THE UNITED STATES OF DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 1:25CR 47 |
| | § | Judge Crone - Hawthorn |
| MATTHEW FORREST JARRETT | § | |

**INDICTMENT**

THE UNITED STATES GRAND JURY CHARGES:

**Count One**

Violation: 21 U.S.C. § 841(a)(1)
(Possession of a Controlled Substance
with Intent to Distribute)

That on or about June 25, 2025, in the Eastern District of Texas, **Matthew Forrest Jarrett**, defendant, did knowingly, intentionally, and unlawfully possess with intent to distribute, a Schedule II controlled substance, namely: fifty (50) grams or more of "actual" methamphetamine.

In violation of 21 U.S.C. § 841(a)(1).

**Count Two**

Violation: 18 U.S.C. § 924(c)(1)
(Carry of a Firearm in Furtherance of a
Drug Trafficking Crime)

On or about June 25, 2025, in the Eastern District of Texas, **Matthew Forrest Jarrett**, defendant, did knowingly carry a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute, a Schedule II controlled substance, a violation of 21 U.S.C. §

841(a)(1), as set forth in Count One of this indictment, which is re-alleged here and incorporated by reference in full.

In violation of 18 U.S.C. § 924(c).

**Count Three**

Violation: 18 U.S.C. § 922(g)(1)
(Possession of a Firearm by a Prohibited Person)

On or about June 25, 2025, in the Eastern District of Texas, **Matthew Forrest Jarrett**, defendant, while knowing that he had been convicted of a crime or crimes punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess in and affecting interstate or foreign commerce, a firearm, to wit:

a. a Star Firestar, model 9mm, semi-automatic pistol, serial number 2162243, and associated ammunition, magazines, and parts.

In violation of 18 U.S.C. § 922(g)(1).

**NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE**

Criminal Forfeiture Pursuant to 21 U.S.C. § 853

1. The allegations contained in Counts One through Three of this indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

2. Upon conviction of the controlled substance offenses alleged in Count One of the indictment, the defendant, **Matthew Forrest Jarrett**, shall forfeit to the United States pursuant to 21 U.S.C. § 853 any property constituting, or derived from, proceeds obtained directly, or indirectly, as a result of the said violation, and any property used, or

intended to be used in any manner or part, to commit or to facilitate the commission of the said violation, including but not limited to the following:

**MONEY JUDGMENT**

i. A sum of money equal to thirty-five thousand two hundred dollars ($35,200.00) in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One through Three of the indictment.

**SUBSTITUTE ASSETS**

ii. If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

3. By virtue of the commission of the felony offenses charged in this

indictment by the Defendants, any and all interest the defendants have in the above-described properties is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853.

Criminal Forfeiture Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c)

4. Upon conviction of the firearms offense alleged in Counts Four through Six of the indictment, **Matthew Forrest Jarrett**, defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any property intended to be used in any manner or part, to commit or to facilitate the commission of said violations, including but not limited to the following:

**Firearms**

a. a Star Firestar, model 9mm, semi-automatic pistol, serial number 2162243, and associated ammunition, magazines, and parts.

A TRUE BILL

TK

GRAND JURY FOREPERSON

JAY R. COMBS
ACTING UNITED STATES ATTORNEY

[signature] for

JONATHAN C. LEE
Assistant United States Attorney

7-16-2025

Date

FILED
JUL 16 2025
Clerk, U.S. District Court
Texas Eastern

IN THE UNITED STATES OF DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 1:25CR 47 |
| | § | Judge |
| MATTHEW FORREST JARRETT | § | |

## NOTICE OF PENALTY

### Count One

Violation: 21 U.S.C. § 841(a)(1)

Penalty: If 50 grams or more "actual" methamphetamine – imprisonment for not less than ten (10) years nor more than life; a fine not to exceed $10,000,000.00; or both imprisonment and a fine; and a term of supervised release of not less than five (5) years;

Special Assessment: $ 100.00

### Count Two

Violation: 18 U.S.C. § 924(c)

Penalty: Imprisonment of not less than five (5) years or more than life, unless the firearm is brandished, in which case the minimum sentence is seven (7) years, or unless the firearm is discharged, in which case the minimum sentence is ten (10) years, which must be served consecutively to any other term of imprisonment; a fine not to exceed $250,000.00, or both imprisonment and a fine; and supervised release of not more than five (5) years.

Special Assessment: $100.00

## Count Three

Violation: 18 U.S.C. § 922(g)(1)

Penalty: Imprisonment of not more than fifteen (15) years; a fine not to exceed $250,000 or twice the pecuniary gain to the defendant or loss to the victim; or both imprisonment and a fine; and a term of supervised release of not more than three (3) years.

If the Court determines that the defendant is an Armed Career Offender under 18 U.S.C. § 924(e), imprisonment of not less than 15 years and not more than life; a fine not to exceed $250,000, or both; and a term of supervised release of not more than five (5) years.

Special Assessment: $100.00